UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| Donna Shute Provencher, § | |
| § | Case No. 19-50339-CAG |
| Debtor § | Chapter 7 |
| § | |

## Response to Motion of Joseph Mazzara to Lift the Automatic Stay to Allow Lawsuit to Proceed [Doc. No. 10]

TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW John Patrick Lowe, the Trustee in this case, makes and files this Response to Motion of Joseph Mazzara to Lift the Automatic Stay to Allow Lawsuit to Proceed [Doc. No. 10]:

### 1.

The Trustee is without information or knowledge necessary to form a belief as to the truth of the allegations in paragraph 1 of the motion and therefore denies those allegations.

### 2.

The Trustee is without information or knowledge necessary to form a belief as to the truth of the allegations in paragraph 2 of the motion and therefore denies those allegations.

### 3.

The Trustee is without information or knowledge necessary to form a belief as to the truth of the allegation regarding the trial date of the state court litigation. But he admits the remaining allegations in paragraph 3.

**4.**

The allegations in paragraph 4 of the motion are admitted.

**5.**

The allegations in paragraph 5 of the motion are denied.

**6.**

There are no factual allegations in paragraph 6 of the motion for admission or denial. And the Trustee denies that cause exists to terminate the automatic stay as to the bankruptcy estate.

**7.**

There are no factual allegations in paragraph 7 of the motion for admission or denial.

**8.**

There are no factual allegations in paragraph 8 of the motion for admission or denial.

**9.**

There are no factual allegations in paragraph 9 of the motion for admission or denial.

**10.**

There are no factual allegations in paragraph 10 of the motion for admission or denial.

**11.**

The allegations in paragraph 11 of the motion are denied. To be specific, liquidation of the movant's claims isn't necessary for estate purposes. And liquidation of the movant's claims is prejudicial to the estate and meaningless to Movant, as to the estate. There appear to be no assets in the estate for administration by the Trustee. The Trustee filed a no asset report after the conclusion of the meeting of creditors. There appears to be no asset which might be administered or liquidated in order to raise money for distributions to allowed creditor claims. So while the

liquidation of the movant's claims might be necessary for his non-dischargeability complaint, liquidation of those claims isn't necessary for estate purposes. The trustee has no means to engage counsel to defend the state court litigation. What if the stay were terminated and movant were to obtain a quite large state court judgment and then an undisclosed asset were to come to light? Then movant's quite large judgment would be entitled to a distribution from the proceeds of the liquidation of the newly discovered asset. Termination of the stay as to the estate would be prejudicial to the estate and unnecessary to achieve Movant's purposes.

The movant's interests can be resolved and the estate protected by terminating the stay only with respect to the Debtor but leaving the stay intact with respect to the estate and any assets of the estate.

12.

The allegations in paragraph 12 of the motion are denied.

13.

The allegations in paragraph 13 of the motion are denied. The Trustee objects to the relief requested in paragraph 13 and requests that the motion be denied or that the motion be granted only insofar as the termination of the stay as to the Debtor leaving the stay in place as to the estate.

The Trustee Objects to the Motion and requests that the Court deny it.

SIGNED this 31st day of May 2019.

Respectfully submitted,



John Patrick Lowe, Trustee
State Bar No. 12623700
2402 East Main Street
Uvalde, Texas 78801
(830) 407-5115
(830) 407-5117
Email: pat.lowe.law@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Trustee's Response to Motion of Joseph Mazzara to Lift the Automatic Stay to Allow Lawsuit to Proceed, was served on the following parties by the CM/ECF system; by First Class mail, postage prepaid; or by electronic mail within 2 days of the electronic filing of this Motion on this the 31st day of May 2019.

**Debtor:**
Donna Shute Provencher
426 Stone Creek Drive
Boerne, TX 78006

**Attorney for Debtor:**
Richard L. Ellison
500 Main St., Ste. J
Kerrville, TX 78028-5379

**Attorney for Joseph Mazzara:**
William B. Kingman
Law Offices of William B. Kingman, P.C.
3511 Broadway
San Antonio, TX 78209

Patrick Lowe

4