WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| IN RE: | § | CHAPTER 7 |
|---|---|---|
|  | § |  |
| DONNA SHUTE PROVENCHER | § | CASE NO. 19-50339-CAG |
| Debtor | § |  |

## BRIEF IN OPPOSITION TO MOTION
## OF JOSEPH MAZZARA TO LIFT THE AUTOMATIC STAY

Donna Shute Provencher, Debtor, files this brief in Opposition to Motion of Joseph Mazzara to Lift the Automatic Stay to Allow Lawsuit to Proceed.

### I. INTRODUCTION

1. Donna Shute Provencher, Debtor, filed her Chapter 7 voluntary petition in bankruptcy on February 15, 2019. The Chapter 341 meeting of creditors was held and concluded on March 26, 2019 and the Trustee, J. Patrick Lowe, reported that this is a no asset case.

2. The Court entered its order discharging Debtor on May 31, 2019 (Doc#19).

3. Joseph Mazzara, Movant, filed his motion to lift the automatic stay to allow lawsuit to proceed on May 24, 2019 (Doc#10). Mazzara filed the lawsuit in state court in Virginia alleging that Debtor libeled him.

4. Debtor asks the Court to deny the motion to lift stay.

1

## II. ARGUMENT & AUTHORITIES

5. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that "[t]he Court shall grant relief from the stay ... for cause, including the lact of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

6. What constitutes "cause" for the lifting of the stay pursuant to § 362(d)(1) is not defined in the Bankruptcy Code. Whether cause exists must be determined on a case by case basis based on an examination of the totality of the circumstances. *In re Trident Assoc., L.P.*, 52 F.3d 127 (6th Cir. 1995); *Claughton v. Mixon*, 33 F.3d 4 (4th Cir. 1994); *in re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990).

7. Most cases arising under § 362(d)(1) involve creditors holding secured claims who allege that there is insufficient equity in the collateral to adequately protect their interests. The legislative history contemplates this situation but does not speak to the question of the burden of proof where relief from the stay is sought "for cause" other than lack of protection. *In re Curtis*, 40 B.R. 795 (BR D. Utah 1984). Collier observes that "[t]o some extent, the Code attempts to follow the practice in the [former] Rules by requiring a showing of cause by the party requesting relief under Section 362(d)(1) and then in Section 362(g) placing the burden of proof (risk of nonpersuasion) on the party opposing relief for all issues other than that of 'the debtors equity in property.' " 2 COLLIER ON BANKRUPTCY Par. 362.10, at 362-58 (15th ed. 1984).

8. Movant cites *In re Curtis*, 40 B.R. 795, 799 (BR D. Utah 1984) for the

proposition that cause to lift the stay includes allowing an action to proceed in another tribunal. In *Curtis*, the court denied the motion to lift stay after considering the evidence and concluding the harm to the debtor would outweigh any harm to the movant.

9. In *Curtis*, the court held that one who seeks relief from the automatic stay must, in the first instance, establish a legally sufficient basis, i.e., "cause," for such relief. The burden then lies with the debtor to establish that it is entitled to the stay. *In re Curtis*, 802-03. "A creditor's mere unsupported allegation that continuance of the stay will cause it irreparable harm will not suffice…. Existence of pending litigation in another forum filed after the commencement of the bankruptcy case, without more, does not constitute 'cause.'" *Id.*

10. Movant has presented no evidence to support his request to lift the stay. He has merely filed a vaguely worded, unverified motion with a copy of his state court petition attached as an exhibit. The burden is on him to present competent evidence to establish a prima facie case.

11. As stated, if the movant presents a prima facie showing of "cause," the burden then lies with the debtor to demonstrate that it is entitled to the stay. *Id.* The court then applies a balancing test considering several facts, the most important in this case being "the balance of hurts." *Id.* at 806. Financial hardship to the movants must be balanced against financial hardship to the debtors. In this case, Debtor resided in San Antonio at the time of the alleged libel and she now resides in Kerrville, Texas. She did

not choose Virginia as the forum for the state court lawsuit. She works from home and forcing her to litigate in a Virginia state court would impose great financial hardship and prejudice on her. She has two small children and is 20 months pregnant. Forcing her to defend herself in Virginia could cause serious health problems to her and her unborn child. She has no insurance that would pay for her defense.

12. Liquidation of Movant's claim asserted in the state court lawsuit is not important for the bankruptcy estate. The Trustee has already determined that Debtor has no non-exempt assets. Movant's claim is dischargeable. Further, even if Movant obtained a judgment he could not collect on it which raises the question whether he is pursuing this claim out of spite and to harass and vex Debtor.

**Conclusion & Prayer**

WHEREFORE, Debtor respectfully prays that the Motion of Joseph Mazzara to Lift the Automatic Stay to Allow Lawsuit to Proceed be denied for all other relief to which Defendant is entitled.

Respectfully submitted,

*/S/ Richard L. Ellison*
SBOT 06580700
Richard L. Ellison, P.C.
Broadway Bank Bldg.
500 Main St. Suite J
Kerrville, Texas 78028
Telephone: (830) 792-5601
Facsimile: (830) 792-5602
ATTORNEY FOR DEBTOR/DEFENDANT
DONNA SHUTE PROVENCHER
rellison@richardellisonlaw.com

## CERTIFICATE OF SERVICE

    I certify that on June 13, 2019 the above and foregoing instrument was filed with the Clerk of the Bankruptcy Court via the ECF electronic filing system, and the Clerk will electronically deliver a copy to:

U.S. Trustee – SA12

Chapter 7 Trusteee J. Patrick Lowe
pat.lowe.law@gmail.com

William B. Kingman
bkingman@kingmanlaw.com

I further certify that I have served true and correct copies of this pleading by U.S. Mail on the parties listed below and on the attached creditors matrix mailing list.

William B. Kingman
Law Offices of William B. Kingman, PC
3511 Broadway
San Antonio, Texas 78209

                                                */S/ Richard L. Ellison*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 19-50339-cag<br>Western District of Texas<br>San Antonio<br>Mon Jun 10 09:37:05 CDT 2019 | U.S. BANKRUPTCY COURT<br>615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205-2055 | Chase Bank USA NA<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 |
| Dept. of Ed/Navient<br>PO Box 9635<br>Wilkes Barre, PA 18773-9635 | Joseph Mazzara<br>c/o Jonathan M. Arthur, Esq.<br>Thomas H. Roberts & Associates PC<br>105 South First Street<br>Richmond, Virginia 23219-3718 | Lobel Financial Corp.<br>PO Box 3000<br>Anaheim, CA 92803-3000 |
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | SYNCB/Care Credit<br>950 Forrer Blvd.<br>Kettering, OH 45420-1469 | United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>PO Box 1539<br>San Antonio, TX 78295-1539 |
| Verizon Wireless<br>Attn: Correspondence Team<br>P.O. Box 5029<br>Wallingford, CT 06492-7529 | Donna Shute Provencher<br>426 Stone Creek Drive<br>Boerne, TX 78006-1804 | John Patrick Lowe<br>2402 East Main Street<br>Uvalde, TX 78801-4943 |
| Richard L. Ellison<br>500 Main St, Suite J<br>Kerrville, TX 78028-5379 | End of Label Matrix<br>Mailable recipients   12<br>Bypassed recipients    0<br>Total                12 | |